AO 91 (Rev. 5/85) Criminal Complaint					AUSA Asheeka Desai (312) 886-2050

FILED
5/5/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NUMBER: 25 CR 248 |
| v. | **UNDER SEAL** |
| NICOLAS LOPEZ-DURAN, aka "Nicholas Lopez Duran" and "Jamie Lopez" | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief. On or about February 2, 2025, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, NICOLAS LOPEZ-DURAN, also known as "Nicholas Lopez Duran", and "Jamie Lopez", defendant herein,

> being an alien who previously had been deported and removed from the United States on or about March 20, 2001, May 23, 2006, and October 4, 2013, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States;

in violation of Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4). I further state that I am a Task Force Officer with the Federal Bureau of Investigation and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

*Jason M. Bennett*
Signature of Complainant
JASON BENNETT
Task Force Officer, Federal Bureau of Investigation

Pursuant to Fed. R. Crim. P. 4.1, this complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: May 5, 2025

*Maria Valdez*
*Judge's signature*

City and state: Chicago, Illinois

MARIA VALDEZ, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, JASON BENNETT, being duly sworn, state as follows:

1. I am a Task Force Officer with the United States Federal Bureau of Investigation. I have been in this position since May 2021. Prior to this position, I was a Task Force Officer with Homeland Security Investigations for approximately 6 years. I am a member of an investigative unit that specializes in drug trafficking organizations. I work in conjunction with other law enforcement agencies in reviewing cases involving aliens who are charged with or convicted of criminal offenses. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously deported aliens.

2. I submit this affidavit in support of a criminal complaint alleging that NICOLAS LOPEZ-DURAN, also known as "Nicholas Lopez Duran" and/or "Jamie Lopez," has violated Title 8, United States Code, Section 1326(a), by being present and found in the United States after having been deported, and is subject to the enhanced penalty provision set forth in Title 8, United States Code, Section 1326(b)(1) because defendant previously was deported following conviction for a felony. Because I submit this affidavit for the limited purpose of establishing probable cause in support of a criminal complaint charging LOPEZ-DURAN with illegal reentry, I have not included each and every fact known to me concerning this investigation. I have

1

set forth only the facts that I believe are necessary to establish probable cause to believe that LOPEZ-DURAN committed the offense stated in the complaint.

3. This affidavit is based on my personal knowledge; information provided to me by other law enforcement agents and officers and by other persons identified in this affidavit; and my review of records maintained by Immigration and Customs Enforcement ("ICE"), other components of the Department of Homeland Security ("DHS"), and other government agencies.

4. According to DHS records, LOPEZ-DURAN is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that LOPEZ-DURAN was born in Mexico in 1977 and originally entered the United States on or about an unknown date at or near an unknown location without being inspected, admitted, or paroled.

5. DHS records further reflect that on or about March 20, 2001, LOPEZ-DURAN was removed from the United States to Mexico at or near San Ysidro, California after being ordered removed to Mexico by an Immigration Judge in San Diego, California. LOPEZ-DURAN's signature and fingerprint appear on the DHS Form I-205 associated with this removal.

6. According to immigration records, LOPEZ-DURAN told immigration officials that he re-entered the United States on or about February 25, 2006, at or near Laredo, Texas, without being inspected, admitted, or paroled.

7. Records maintained by the United States District Court for the Southern District of Texas reflect that on or about April 26, 2006, LOPEZ-DURAN was convicted of Improper Entry by an Alien under Title 8, United States Code, Section 1325(a)(1) and sentenced to 75 days' imprisonment.

8. DHS records reflect that on or about May 23, 2006, LOPEZ-DURAN was again removed from the United States to Mexico at or near Hidalgo, Texas. LOPEZ-DURAN's signature and fingerprints appear on the DHS Forms I-205 and I-286 associated with this removal.

9. On or about an unknown date at or near an unknown location, LOPEZ-DURAN re-entered the United States without being inspected, admitted, or paroled.

10. Records maintained by the Cook County, Illinois Circuit Clerk reflect that, on or about October 1, 2009, LOPEZ-DURAN was convicted in the Circuit Court of Illinois, County of Cook, for violating 720 ILCS 570/402(c), Possession of a Controlled Substance, a felony, for which he was sentenced to 3 years' imprisonment.

11. DHS records further reflect that on or about October 4, 2013, LOPEZ-DURAN was again removed from the United States to Mexico at or near Brownsville, Texas. LOPEZ-DURAN's signature and fingerprint appear on the DHS Forms I-205, I-294, and I-871 associated with this removal.

12. Additionally, DHS records reflect that since his last removal, LOPEZ-DURAN has not applied for or received permission to re-enter the United States.

13. On or about February 2, 2025, law enforcement discovered that LOPEZ-DURAN was present in the United States, in Chicago, Illinois, after law enforcement arrested LOPEZ-DURAN for Felon in Possession of a Firearm and Reckless Discharge of a Firearm. LOPEZ-DURAN was fingerprinted on February 2, 2025, in connection with this arrest.

14. Records maintained by the Cook County, Illinois Circuit Clerk reflect that, on or about April 8, 2025, LOPEZ-DURAN was convicted in the Circuit Court of Illinois, County of Cook, for violating 720 ILCS 5.0/24-1.5-A, Reckless Discharge of a Firearm, a misdemeanor, for which he was sentenced to 2 years' probation.

15. A review of DHS records indicates that LOPEZ-DURAN's photo from his March 20, 2001, May 23, 2006, and October 4, 2013 removals appear to match the photo of the individual that was convicted of Possession of a Controlled Substance in the Circuit Court of Cook County, Illinois on or about October 1, 2009.

16. Additionally, a fingerprint comparison conducted by the Homeland Security Investigations Forensic Laboratory on or about February 27, 2025, has verified that LOPEZ-DURAN is the same person removed from the United States on or about March 20, 2001, May 23, 2006, and October 4, 2013, and the same person that was arrested on February 2, 2025, in Chicago, Illinois.

17. Based upon the foregoing, I respectfully submit that there is probable cause to believe that LOPEZ-DURAN, being an alien who previously had been deported from the United States on or about March 20, 2001, May 23, 2006, and October 4, 2013, was present and found in the United States without previously

4

having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States, in violation of Title 8, United States Code, Section 1326(a), and Title 6, United States Code, Section 202(4).

FURTHER AFFIANT SAYETH NOT.

*Jason M. Bennett*
JASON BENNETT
Task Force Officer, Bureau of
Immigration and Customs Enforcement

SUBSCRIBED AND SWORN to before me on May 5, 2025.

_____
MARIA VALDEZ
United States Magistrate Judge